# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CONNIE JOHNSON and**
**RAY JOHNSON,**

      Plaintiffs,

v.                                                                             **CIVIL ACTION NO. 3:05-CV-47**
                                                                                **(BAILEY)**

**DIAL INDUSTRIAL SALES, INC.,**
**a New York corporation, and**
**TELESTEPS, INC., a New York corporation,**

      Defendants.

## ORDER SUSTAINING OBJECTION TO BILL OF COSTS

On this day, the above-styled matter came before the Court upon consideration of the plaintiff's Objection to Bill of Costs [Doc. 55].

The defendant, in its Bill of Costs [Doc. 52], seeks a total of $5,710.52. Rule 54(d)(1) of the Federal Rules of Civil Procedure states:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' shall be allowed as of course to the prevailing party unless the court otherwise directs . . . .

"The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." ***Teague v. Bakker***, 35 F.3d 978, 996 (4th Cir. 1994) (citing ***Constantino v. American S/T Achilles***, 580 F.2d 121, 123 (4th Cir. 1978)". "Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party." ***Teague***, 35 F.3d at 996 (citing ***Delta Air Lines, Inc. v. August***, 450 U.S. 346, 352 (1981)). Where the Court

feels that a deviation from this general rule is appropriate, it must justify its decision by "articulating some good reason for doing so." ***Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.***, 899 F.2d 291, 296 (4th Cir. 1990).

"Once [a district court] cho[oses] to adopt rules, the court, like all parties before it, must abide by them." ***Ortega v. Geelhaar***, 914 F.2d 495 (4th Cir. 1990). Local Rule of Civil Procedure 54.01 of the United States District Court for the Northern District of West Virginia provides that a Bill of Costs shall be filed within thirty (30) days of the entry of judgment. Additionally, the adverse party shall file objections to the bill of costs within ten days of being served.

Here, the Bill of Costs as well as this Court's docket indicate that judgment was entered on September 21, 2007. The Bill of Costs, however, was not filed until November 21, 2007, approximately one month after the date by which it was due. Accordingly, this Court should deny the defendants any entitlement to a Bill of Costs as untimely. *See* ***JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc.***, 245 F.Supp.2d 756, 761 (E.D.Va. 2002) (denying motion for leave to file bill of costs out of time, which was filed 25 days after the filing deadline); ***Marryshow v. Flynn***, 986 F.2d 689, 693-94 (4th Cir. 1993) (indicating an untimely filing creates a stricter situation than a defective filing for attorneys' fees).

The plaintiffs, on the other hand, timely filed their Objections to Bill of Costs [Doc. 55]. The plaintiffs filed their Objections on November 29, 2007, within ten days of being served.

For the reasons stated above, this Court finds "good reason" to deviate from F. R. Civ. P. 54(d)(1). Therefore, it is the opinion of this Court that the plaintiffs' Objection to Bill of Costs [Doc. 55] should be, and is, hereby **SUSTAINED**. Accordingly, this Court **DENIES**

the defendant any reimbursement for costs.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** January 22, 2008.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE